**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| J. MICHAEL CASALVIERI, JR., | x | |
| | : | **CIVIL ACTION NO. 2:18-CV-622-MCA-MAH** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRUDENTIAL INSURANCE COMPANY OF | : | |
| AMERICA, INDIVIDUALLY AND IN ITS | : | |
| CAPACITY AS ADMINISTRATOR OF THE | : | |
| PRUDENTIAL MERGED RETIREMENT | : | **AMENDED COMPLAINT AND** |
| PLAN, AON HEWITT, LLC, AON PLC, | : | **JURY TRIAL DEMANDED** |
| ALIGHT SOLUTIONS, LLC, AON/ALIGHT | : | |
| 1-4 (fictitiously named entities whose jural | : | |
| identity is presently unknown), AND | : | |
| PRUDENTIAL MERGED RETIREMENT | : | |
| PLAN | : | |
| | x | |
| Defendants. | | |

Plaintiff J. Michael Casalvieri, Jr., by way of Amended Complaint against Defendants

Prudential Insurance Company of America, Inc., individually and in its capacity as administrator of the

Prudential Merged Retirement Plan ("Prudential"), Aon Hewitt, LLC, Aon Plc, Alight Solutions, LLC,

Aon/Alight 1-4, (the "Aon Defendants") and the Prudential Merged Retirement Plan ("Plan") alleges

as follows:

**NATURE OF THE ACTION**

1.      Plaintiff J. Michael Casalvieri, Jr. ("Casalvieri") is a former employee of defendant

Prudential.  Casalvieri brings this action seeking equitable remedies for defendants' violation, *inter*

*alia*, of §§ 502 (a)(2) and 502 (a)(3) of the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. § 1132(a)(2) and 1132(a)(3), and for breach of their fiduciary duty

under § 404(a) of ERISA, 29 U.S.C. § 1104(a).

## PARTIES

2.      Casalvieri is an individual residing at 103 Bainbridge Way, Bluffton, South Carolina, 29910.

3.      Upon information and belief, defendant Prudential is a Corporation organized pursuant to the laws of the State of New Jersey with a principal place of business at 751 Broad Street, Newark, New Jersey 07102.

4.      Defendant Prudential Merged Retirement Plan is a Qualified Retirement Plan under ERISA and holds funds in trust for beneficiaries such as Casalvieri.

5.      Upon information and belief, defendant Prudential is the administrator of the defendant Prudential Merged Retirement Plan.

6.      Upon information and belief, defendant Aon Plc is a public company with a principal place of business at the Aon Centre, The Leadenhall Building, 122 Leadenhall Street, London England, EC3V4AN and a United States headquarters in Lincolnshire, Illinois.

7.      Upon information and belief, defendant Aon Hewitt, LLC, a limited liability company doing business in Lincolnshire Illinois, contracted with defendant Prudential to assume some or all of the responsibilities of the Administrator of the Prudential Merged Retirement Plan.

8.      Upon information and belief, Aon, Plc is the parent of Aon Hewitt, LLC.  Alternatively, Aon Hewitt, LLC is a member of a group of companies owned and controlled by Aon, plc.

9.      Upon information and belief, Alight Solutions, LLC doing business in Lincolnshire, Illinois, is the successor, as of May 1, 2017, to Aon Hewitt, LLC and continues to conduct the same business as Aon Hewitt, LLC and is otherwise liable for the acts and omissions of Aon Hewitt, LLC.

10.     At all times herein mentioned, defendants Aon/Alight 1-4 are fictitiously named entities whose identities are presently unknown, which entities either participated in, ratified or otherwise bear respondeat superior responsibility and/or successor liability for the acts and omissions of AON Hewitt, LLC as complained of herein.

## JURISDICTION AND VENUE

11.     Plaintiff asserts claims, inter alia, under §§ 502(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).  Because this action arises under the laws of the United States, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1331.

12.     Venue is proper pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims, occurred in this judicial district.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13.     The matter arises in connection with the retirement of Casalvieri from Prudential on February 1, 2016, after 29 years of employment with Prudential.  His position with Prudential at the effective date of his retirement was Regional Vice President, Life (insurance) Wholesaler.

14.     Casalvieri was a participant in and accrued a pension benefit under The Prudential Merged Retirement Plan ("Plan').

15.     In October, 2015, Casalvieri utilized a formal pre-retirement process established by Prudential, through Prudential's Benefits Center, in order to determine the optimal time to retire, based upon an evaluation of the amount of pension payments he would receive.

16.     Prudential assigned to Casalvieri, a retirement counselor from AON Hewitt, ("AON") Prudential's Employee Benefit Administrator under the Plan, by the name of "Rebekah".

17.     At all times herein mentioned, AON and Rebekah were fiduciaries to Casalvieri and had actual and/or apparent authority from Prudential to counsel Casalvieri regarding pension benefits that

he would receive in order to determine the optimal time to retire, based upon an evaluation of the amount of pension payments he would receive.

18.     By reason of their status as fiduciaries and by reason of the actual and/or apparent authority granted by Prudential to AON, both AON as well as its employee, Rebekah, were and acted as agents of Prudential in connection with the Prudential Merged Retirement Plan.

19.     Over a period of several months,  Casalvieri worked directly with Prudential,  AON and his designated retirement counselor, "Rebekah" and obtained information to enable him to make the important and life-changing determination as to whether and when to retire from Prudential .

20.     During this process, representatives of both Prudential and AON, including Rebekah, made numerous oral and written representations to Mr. Casalvieri regarding the amount of monthly pension benefit he would receive if he retired, effective as of February 1, 2016.

21.     Specifically, during three (3) separate phone conversations on October 8, 2015, November 20, 2015, and November 30, 2015, Rebekah advised Casalvieri that the monthly benefits payable to him under the Joint and 100% Survivor Annuity option would be $9,784.95 per month.

22.     The advice that Casalvieri received from Rebekah as well as the multiple written confirmations to Casalvieri representing that he would receive a monthly pension sum of $9,784.95 if he retired as of February 1, 2016 was consistent with the pension amounts represented to Casalvieri over an extended period of years in his periodic statements prepared by Aon and/or Prudential.

23.     These conversations were followed up with multiple written confirmations to Casalvieri that represented that Casalvieri would receive a monthly pension sum of $9,784.95 if he retired as of February 1, 2016.

24.     Casalvieri was told by Prudential, AON and Rebekah that in order to implement a retirement date of February 1, 2016, such that Casalvieri's pension benefits would commence on such

date and that he would receive his first pension check on that date, Casalvieri was required to submit an irrevocable election to retire by early December, 2015.

25.     Rebekah re-confirmed the amount of Casalvieri's monthly benefit as $9,784.95 and indicated that if such amount, if at all, would change, it would adjust upward to reflect Casalvieri's December 2015 compensation that had not yet been taken into account in determining his pension benefits.

26.     In reasonable reliance on all of the many oral and written representations, as aforesaid, in early December, 2015, Casalvieri decided to retire and made his irrevocable retirement benefit election, under the Plan.

27.     Moreover, in further reasonable and detrimental reliance upon the many oral and written representations as aforesaid, Casalvieri announced his impending retirement to Prudential and Prudential, in turn, gave notice, internally, to other Prudential employees, that Casalvieri's position at Prudential had become available and sought candidates to fill that position.

28.     Prudential did, in fact, hire someone to fill Casalvieri's position at Prudential prior to the effective date of his retirement.

29.     On December 17, 2015, approximately two weeks after Casalvieri made his required and irrevocable retirement elections and after he had announced his impending retirement at Prudential to be effective as of February 1, 2016, Casalvieri received a letter from Prudential which confirmed all of Mr. Casalvieri's elections but which listed his monthly payments for the Joint and 100% Survivor Annuity option as $8,995.61, a monthly amount of $789.33 less than what was repeatedly represented to him orally and in writing as aforesaid and which amount was the key basis for Casalvieri's decision to retire as of February 1, 2016 and to take actions in furtherance of those retirement plans.

30.     Casalvieri immediately contacted Rebekah at AON, regarding the discrepancy. Rebekah expressed that she was stunned and at a loss for any explanation, but assured him that the discrepancy in the monthly amount of payments would correct itself once his full year end earnings for 2015 were calculated.

31.     The Final Recalculation Notice package which was received by Casalvieri on March 17, 2016, did not reflect the higher amount of monthly benefit payment represented on numerous occasions by Prudential and AON orally and in writing before he irrevocably elected to retire, announced his retirement and had his position offered and filled by Prudential.  Instead, it reflected a lower benefit payment of $9,139.22 per month, $789.33 per month less than what Mr. Casalvieri was promised and owed.

32.     Casalvieri reasonably relied on the numerous oral and written misrepresentations as aforesaid including but not limited to those that he would receive monthly payments of $9,784.95 (which would be adjusted upward by $143.60 to reflect December 2015 additional compensation. See, ¶ 36 infra), in ways including, but not limited to reviewing his retirement date options and, in turn, making his retirement benefit elections, and in deciding to retire when he did and in taking action in furtherance of his retirement, such retirement decision being a life-altering event in any person's life. Moreover, he reasonably relied on these representations in ways including, but not limited to, announcing his planned retirement at Prudential which resulted in his position being offered to others at Prudential and being taken by someone else.

33.     Had Casalvieri been aware, prior to making his irrevocable election to retire, and the other actions herein set forth, that the monthly payments would be significantly less than was represented for years, he would have opted to remain employed and retire at a later date and, thus be eligible for a greater income as a result of continuing to work, continued employment benefits and the

receipt of even greater monthly retirement payments when he ultimately retired.  Moreover, he would not have announced his retirement at Prudential which resulted in Prudential announcing availability of his position, hiring someone else at Prudential to take his position and his resulting inability to return to that position.

34.     A monthly reduction of $789.33 from the higher pension benefit that was repeatedly represented to him and the action that he took in reasonably relying on those representations was significantly detrimental to Mr. Casalvieri and caused, and continues to cause, him financial harm.

## PURSUIT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

35.     On September 9, 2016 and, as supplemented on November 23, 2016,  Casalvieri instituted an administrative claim for pension benefits in a monthly amount of $9,784.95 and payable to him in the form of a Joint and 100% Survivor Annuity.

36.     On January 17, 2017, Prudential denied Casalvieri's initial benefit claim, and in that denial Prudential stated the he was only entitled to a monthly pension benefit of $9,139.22 instead of the $9,784.95 that he was promised.

37.     Casalvieri, through counsel, filed an appeal of the denial of his initial benefit claim on February 23, 2017.

38.     Specifically, the appeal set forth  the basis for equitable relief, including equitable estoppel, so as to estopp Prudential from denying Casalvieri the higher monthly pension benefit that he had been repeatedly promised, orally and in writing and that Prudential had breached its fiduciary duty to Casalvieri.

39.     Casalvieri supplemented his claim appeal letter, through counsel, which clarified that Casalvieri seeks the monthly benefit payment of $9,928.55 from Prudential and not the sum of $9,784.95, explaining that the additional $143.60 benefit accrual should be part of Mr. Casalvieri's

7

pension benefit because it was represented and promised to Mr. Casalvieri by Prudential's representatives as reflecting the benefit accrual attributable to certain additional compensation that Casalvieri had earned but that had not previously been taken into account, causing Casalvieri to rely upon those representations and promises in making his irrevocable retirement election.

40.     On June 19, 2017, Prudential rendered its determination of Casalvieri's appeal of the prior benefit claim determination.  ("The Claim Appeal Determination").

41.     The Claim Appeal Determination, despite admitting that a mistake had been made by Prudential and Aon Hewitt in the calculation of Casalvieri's monthly retirement payments, stated, in part that: "there is no basis under the terms of retirement plan to approve your appeal.  Accordingly, your appeal is denied."

42.     In Prudential's Claim Appeal Determination, it also stated, in part, as follows:

> In your appeal, you raise issues of estoppel, fiduciary breach, detrimental reliance and similar matters as a basis to approve your appeal.  These types of matters are beyond the scope of the committee's review of your appeal which is limited to the determination of Mr. Casalvieri's pension benefits in accordance with the terms of the retirement plan.  The committee cannot address such matters.

43.     Pursuant to ERISA §503, 29 U.S.C. §1133, DOL Regulations §2560.503-1(h)(2)(iv), and Prudential's fiduciary duties, Casalvieri was entitled to a "full and fair review" of his claim, during the administrative appeal process afforded by Prudential.  Pursuant to CFR Title 29 §2560.503-1(h)(2)(iv), Casalvieri was entitled to a full and fair review:

> …that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

44.     Prudential's Retirement Plan included the same "full and fair review" language as quoted in the preceding paragraph from CFR Title 29 §2560.503-1(h)(2)(iv).

45.     Notwithstanding the requirements of the foregoing statute, regulations and the express provisions of Prudential's Retirement Plan, and Prudential's fiduciary duties to Casalvieri, in denying Casalvieri's appeal of Prudential's claim denial, Prudential advised that it did not take into consideration, Casalvieri's claims of breach of fiduciary duty and equitable estoppel.

46.     As a result of Prudential's failure and refusal to consider Casalvieri's claims of equitable estoppel and breach of fiduciary duty in connection with his appeal of Prudential's adverse benefit claim determination, Prudential  failed to provide a "full and fair review" in connection with Casalvieri's appeal, violated *inter alia*, ERISA, §503, 29 U.S.C. §1133, DOL Reg. 2560.503-1(h)(2)(iv) and breached the express provision of its own Retirement Plan, as aforesaid as well as its fiduciary duties, to the damage and detriment of Casalvieri.

47.     Moreover, Prudential's failure to prove a "full and fair review" and its violation of the foregoing statutes and regulations is evidence of arbitrary and capricious conduct and, further, indicates that the court should not give any deference to the Plan and that Court review should be de novo.

48.     The Claim Appeal Determination stated that it was a "final adverse benefit determination within the meaning of § 503 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and the regulations issued thereunder by the Department of Labor."

49.     By reason of all of the foregoing, Casalvieri has exhausted his administrative remedies.

## COUNT I

## BREACH OF FIDUCIARY DUTY

50.     Plaintiff repeats each of the foregoing allegations of the Amended Complaint as if more specifically set forth at length herein.

51.     At all times herein mentioned, Prudential and the Aon defendants owed fiduciary duties to Casalvieri pursuant to *inter alia*, ERISA, §404 and 29 U.S.C. §1104.

52.     Pursuant to ERISA, §405 and 29 U.S.C. §1105, Prudential had a fiduciary duty to monitor the performance of its co-fiduciary and/or the persons to whom it delegated certain of Prudential's fiduciary responsibilities under the Plan (i.e., Aon and its duly authorized representatives, agents, and employees including Rebekah).

53.     Pursuant to 29 U.S.C. §1105 "Liability for breach of co-fiduciary, it is provided, in part, as follows:

(a)     Circumstances Giving Rise to Liabilities

In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

\*          \*          \*

(2)  If, by his failure to comply with §1104(a)(1) of this title in the administrations of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach.

54.     Under 29 U.S.C. §1104 "Fiduciary Duties", it is provided, in part, as follows:

(a)  Prudent Man Standard of Care

(1) Subject to §§ 1103(c) and (d), 1342 and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –

\*          \*          \*

(B) With the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

55.     At all relevant times herein mentioned, Prudential, which owed fiduciary duties to Casalvieri, breached those fiduciary duties as set forth in 29 U.S.C. §1104(a)(1)(B) by failing to

adequately monitor and, as necessary, correct the performance of its co-fiduciary or the entities to which it delegated its responsibilities under the Plan, the Aon defendants and Rebekah, in the miscalculation of Casalvieri's retirement benefits and in the retirement-based advice and counseling that they provided to Casalvieri.

56.     In addition to the foregoing, the Aon defendants and Rebekah were fiduciaries to Casalvieri pursuant to ERISA §405 and 29 U.S.C. §1105 and/or agents or servants of Prudential, with actual or apparent authority, granted by Prudential, to calculate Casalvieri's retirement benefits and to advise Casalvieri regarding the amount of retirement benefits in connection with counseling Casalvieri about his retirement options.

57.     The failure of Prudential and AON to utilize the care, skill, prudence and diligence under the circumstances that a prudent man would have utilized, to correctly calculate Casalvieri's retirement benefits and to correctly advise Casalvieri regarding his retirement benefits as aforesaid, constituted an additional breach of fiduciary duty.

58.     As a result of the foregoing, Casalvieri suffered and continues to suffer damages.

59.     Pursuant to 29 U.S.C. §1132(a)(2), ERISA §502(a)(2), Casalvieri is entitled to obtain relief, including but not limited to "other appropriate equitable relief," including an injunction, estoppel, the imposition of a constructive trust upon the Plan on those of its funds, representing the difference between the higher and lower monthly principal monthly pension payments represented to Casalvieri as well as a surcharge against Prudential, Aon and the Plan requiring them to make equitable restitution to Casalvieri, interest, reasonable attorneys' fees and costs of suit.

**WHEREFORE,** Plaintiff J. Michael Casalvieri, Jr. demands judgment in his favor and against Defendants, Prudential Insurance Company of America, Inc., individually and in its capacity as administrator of the Prudential Merged Retirement Plan ("Prudential"), Aon Hewitt, LLC, Aon Plc,

Alight Solutions, LLC, Aon/Alight 1-4, and the Prudential Merged Retirement Plan for the following relief:

(a)    Equitably estopping and enjoining Prudential, Aon, Alight and the Plan from limiting Casalvieri's determined monthly benefits to a $9,139.22 base and requiring Prudential to pay, through the Plan, total monthly retirement benefits to Casalvieri in the amount of $9,928.55 retroactively, consistent with the amount repeatedly represented to Casalvieri as his monthly retirement benefit amount and as the amount owed to him;

(b)    For the imposition of a constructive trust and declaratory judgment declaring and requiring that Prudential, Aon Hewitt, LLC, Aon Plc, Alight Solutions, LLC, Aon/Alight 1-4, and the Prudential Merged Retirement Plan make equitable restitution to Casalvieri, in an amount representing the accumulated difference between the amount of the full monthly pension benefit represented and owed to Casalvieri, and the lower amount calculated, retroactively;

(c)    For damages and equitable relief including but not limited to an equitable surcharge;

(d)    Interest;

(e)    Attorneys' fees and costs of suit; and

(f)    For such other and further relief as the court may deem equitable and just.

## COUNT II

### EQUITABLE RELIEF INCLUDING  EQUITABLE ESTOPPEL, INJUNCTION, CONSTRUCTIVE TRUST AND EQUITABLE RESTITUTION

60.    Casalvieri repeats each of the allegations set forth in the preceding paragraphs of the Amended Complaint as if more specifically set forth at length herein.

61.    At all times herein mentioned, the representations to Casalvieri regarding the amount of his pension benefits, before he elected to retire, were "material representations."

62.    At all relevant times herein mentioned, Casalvieri's reliance upon the representations as aforesaid was both reasonable and had a detrimental impact on Casalvieri.

63.    At all relevant times herein mentioned, extraordinary circumstances were present, including, by way of example but not limitation, a network of material misrepresentations made over an extended period of years, which were reasonably relied upon by Casalvieri to his detriment.

64.    Pursuant to 29 U.S.C. §1132(a)(3),  ERISA  §502(a)(3), Casalvieri is entitled to the application of equitable estoppel or injunction in order to  require Prudential to provide the same level of monthly retirement benefits, through the Plan, that were represented to Casalvieri before he irrevocably elected to exercise his choice to retire and took other life changing actions (i.e., $9,784.95 + additional $143.60 benefit accrual totaling $9,928.55), including interest, reasonable attorneys' fees and costs of suit.

**WHEREFORE,** Plaintiff J. Michael Casalvieri, Jr. demands judgment in his favor and against Defendants, Prudential Insurance Company of America, Inc., individually and in its capacity as administrator of the Prudential Merged Retirement Plan ("Prudential"), Aon Hewitt, LLC, Aon Plc, Alight Solutions, LLC, Aon/Alight 1-4, and the Prudential Merged Retirement Plan for the following relief:

(a)    Equitably estopping and enjoining Prudential, Aon, Alight and the Plan from limiting Casalvieri's determined monthly benefits to a $9,139.22 base and requiring Prudential to pay, through the Plan, total monthly retirement benefits to Casalvieri in the amount of $9,928.55 retroactively, consistent with the amount repeatedly represented to Casalvieri as his monthly retirement benefit amount and as the amount owed to him;

(b)      For the imposition of a constructive trust and declaratory judgment declaring and requiring that Prudential, Aon Hewitt, LLC, Aon Plc, Alight Solutions, LLC, Aon/Alight 1-4, and the Prudential Merged Retirement Plan make equitable restitution to Casalvieri, in an amount representing the accumulated difference between the amount of the full monthly pension benefit represented and owed to Casalvieri, and the lower amount calculated, retroactively,;

(c)      For damages and equitable relief including but not limited to an equitable surcharge;

(d)      Interest;

(e)      Attorneys' fees and costs of suit; and

(f)      For such other and further relief as the court may deem equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

BRACH EICHLER L.L.C.


BY:      /s/ Rosaria A. Suriano, Esq.
         Rosaria A. Suriano, Esq.
         E-Mail:  rsuriano@bracheichler.com
         101 Eisenhower Parkway
         Roseland, NJ  07068
         Telephone: 973.228.5700
         Facsimile: 973.228.7852
         *Attorneys for Plaintiff*
         *J. Michael Casalvieri, Jr.*


Dated:  March 23, 2018